IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN VICTORIAN, a/k/a BRIAN MALVO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1807 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed this section 2254 habeas petition challenging his conviction and 45-year sentence for aggravated sexual assault of a child under the age of fourteen. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons that follow.

### *Background and Claims*

Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen in 2013 in Harris County, Texas. The conviction was affirmed on appeal, and discretionary review was refused. The Texas Court of Criminal Appeals denied habeas relief on April 5, 2017.

Petitioner complains in the instant federal petition that (1) the state courts on collateral review denied him due process by not ordering an affidavit from trial counsel;

(2) trial counsel failed to set petitioner's *pro se* motions for hearing; and (3) trial counsel failed to request a lesser-included offense instruction.

### *Habeas Standards*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is **no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents**. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

### *Analysis*

#### *State Habeas Court Error*

Petitioner complains that the state courts on collateral review denied him due process by failing to order an affidavit from trial counsel. This claim provides petitioner no basis for federal habeas relief. *See Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.

3

1987) (holding that because there is no federal constitutional right to state post-conviction review, irregularities during such a review do not provide a basis for federal habeas relief); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (noting that an attack on a state habeas proceeding does not entitle a petitioner to federal habeas relief, as it is an attack on a proceeding collateral to the conviction and not the conviction itself).

Petitioner's challenge to the state habeas proceedings fails to state a cognizable federal habeas claim, and habeas relief is unwarranted.

### *Pro Se Motions*

Petitioner next complains that trial counsel failed to adopt and set for hearing the *pro se* motions filed by petitioner. In rejecting this claim on state collateral review, the state trial court found that petitioner "fails to show that his *pro se* motions had merit or that the trial court would have granted the motions." *Ex parte Victorian*, Cause No. 1363644-A, in the 182nd Judicial District Court of Harris County, Texas. The Texas Court of Criminal Appeals relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Ex parte Victorian*, WR-86,469-01.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id*. at

4

688. Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694.

In his federal habeas petition and memorandum of law, petitioner fails to argue and present authority showing that his *pro se* motions had merit and would have been granted had they been heard. To the contrary, petitioner proffers only that "the *pro se* motions were made part of the record once they were filed, therefore they needed to be adjudicated on the merits." (Docket Entry No. 4, pp. 6, 8.) Because petitioner fails to argue and show that his *pro se* motions had merit and would have been granted, he fails to demonstrate deficient performance by counsel under *Strickland*. Moreover, because petitioner fails to argue and show that, but for counsel's failure to present the motions, there was a reasonable probability that the result of his trial would have been different, he fails to demonstrate actual prejudice under *Strickland*.

Petitioner does not meet his burden of proof under AEDPA, and habeas relief is unwarranted.

### *Lesser Included Instruction*

Petitioner contends that trial counsel should have requested a lesser included jury instruction as to indecency with a child. However, the trial court on state collateral review found that petitioner had argued that he was *not* entitled to a jury instruction on indecency with a child. The state court then rejected petitioner's claim, noting that the jury charge in his case did not contain a jury instruction on indecency with a child. *Ex*

*parte Victorian*, Cause No. 1363644-A, in the 182nd Judicial District Court of Harris County, Texas. The Texas Court of Criminal Appeals relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Ex parte Victorian*, WR-86,469-01.

Petitioner contends here that the state trial court misunderstood his argument, and that his intended argument should have been clear given the lack of a lesser included jury instruction. Petitioner further argues that he merited the instruction because "there was no proof that a physical aggravated sexual assault of a child took place." (Docket Entry No. 4, p. 8.) However, the intermediate state court of appeals expressly found the evidence sufficient to support petitioner's conviction for aggravated sexual assault of a child under the age of fourteen. *Victorian v. State*, 2015 WL 3915966 (Tex. App. – Houston [1st Dist.] 2015, pet. ref'd). Consequently, petitioner does not demonstrate that he was entitled to the jury instruction under state law and that a request for the instruction would have been granted. Nor does he establish that, but for counsel's failure to request the instruction, there is a reasonable probability that the result of the trial would have been different.

Assuming he properly raised the issue on state collateral review, petitioner fails to show either deficient performance or actual prejudice under *Strickland*. Habeas relief is unwarranted.

*Conclusion*

The petition is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on July 13, 2017.

_____
Gray H. Miller
United States District Judge